Jared P. Pearson (12200)
PEARSON LAW FIRM, PLLC
9192 South 300 West, Suite 35
Sandy, Utah 84070
Tele: (801) 888-0991
jared@pearsonlawfirm.org
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
SOUTHERN REGION OF THE CENTRAL DIVISION**

| | |
|---|---|
| CLARK JOLLEY, | |
| Plaintiff, | COMPLAINT |
| v. | Case No.: |
| | Judge: |
| NATIONAL CREDIT ADJUSTERS, LLC | |
| Defendant. | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CLARK JOLLEY ("Plaintiff"), through his attorneys, alleges the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in the City of Hurricane, Washington County, State of Utah.

5. Plaintiff is a consumer as that term is defined by the FDCPA.

6. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

7. Defendant is a debt collector as that term is defined by the FDCPA.

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in the city of Hutchinson, Reno County, State of Kansas.

10. Defendant is engaged in the collection of debt within the State of Utah.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, collectors, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff, originating with The Bank of Missouri – Total Visa.

16. The alleged debt at issue arises from transactions for personal, family, and household

purposes.

17. On or about August 30, 2019, the alleged debt in question was paid off in full to Credit Resolution Center.

18. At the time the alleged debt was settled and paid, JTM Capital Management, LLC owned the alleged debt.

19. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-6364, in an attempt to collect the alleged debt.

20. Plaintiff does not owe the alleged debt that Defendant seeks to collect.

21. On or about December 31, 2020, Plaintiff called Defendant after Plaintiff received a collection letter in the mail from Defendant.

22. During the above-referenced conversation, Plaintiff informed Defendant's collector that he disputed the debt because he already paid it off to Credit Resolution Center and JTM Capital Management, LLC.

23. During the above-referenced conversation, Defendant's collector stated that he would make a "note" in the system.

24. On or about February 15, 2021, Defendant sent Plaintiff a collection letter, in an attempt to collect the alleged debt.

25. On or about April 5, 2021, Defendant sent Plaintiff a collection letter, in an attempt to collect the alleged debt.

26. On several occasions, Plaintiff spoke with Defendant's collector(s) and requested for Defendant to stop calling him because the debt was already paid off.

27. Despite Plaintiff's request for Defendant to stop calling him, Defendant continued to place collection calls Plaintiff's telephone unabated.

28. Specifically form January 26, 2021, to May 7, 2021, Defendant excessively called Plaintiff.

29. As of October 2021, Defendant continues to report the alleged debt to Plaintiff's credit report as an account with a balance of $356.00.

30. Defendant's continued efforts to collect a debt that Plaintiff has already paid has caused Plaintiff stress, worry, frustration, and mental distress.

31. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for not entering into a payment agreement with Defendant.

32. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff on Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff on Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him;

    c. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive,

  or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling him; and

d. Defendant violated § 1692e(2)(A) of the FDCPA by the false representation of the character, amount, or legal status of the debt, when Defendant created the false impression on Plaintiff that Defendant can collect the alleged debt from Plaintiff, despite Plaintiff already paying the debt to another third-party debt collector;

e. Defendant violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which shown be known to be false, when Defendant continued to report the alleged debt that Plaintiff does not owe to Plaintiff's credit report;

f. Defendant violated § 1692e(10) of the FDCPA by engaging in false representations and deceptive means to collect a debt, when Defendant engaged in all of the foregoing misconduct; and

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, CLARK JOLLEY, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: November 10, 2021        By: /s/ Jared P. Pearson
                                            Jared P. Pearson (12200)
                                            PEARSON LAW FIRM, PLLC
                                            9192 South 300 West, Suite 35
                                            Sandy, Utah 84070
                                            Tele: (801) 888-0991
                                            jared@pearsonlawfirm.org
                                            Attorney for Plaintiff